```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF MINNESOTA
```

In the Matter of:                      Civil No. 10-909(DSD)

McCarthy v. McCarthy                   Bky. No. 09-33171
_____        Adv. No. 09-3104
Lindsay Maria McCarthy,

          Appellant,

v.                                     **ORDER**

Jon Andrew McCarthy,

          Appellee.


     Lindsay Maria McCarthy, 19439 Century Road, Farmington,
     MN 55024, pro se.

     Perry A. Berg, Esq. and Patterson, Hoversten & Berg, P.O.
     Box 249, Waseca, MN 57093, counsel for appellee.


     This matter is before the court upon the pro se appeal of Lindsay Maria McCarthy ("Appellant") of a final judgment and denial of her motion for reconsideration by the United States Bankruptcy Court for the District of Minnesota.[1]  Based on a review of the file, record and proceedings herein, and for the following reasons, the court affirms the bankruptcy court's judgment and denial of reconsideration.

---

     [1] The Honorable Gregory F. Kishel, United States Bankruptcy Court for the District of Minnesota.

BACKGROUND

This adversary proceeding arises out of an unpaid car loan that was the subject of Appellant and appellee Jon Andrew McCarthy's ("Appellee") dissolution of marriage in Minnesota on December 20, 2006. Although Appellant did not designate a record on appeal,[2] the parties' briefs show that the relevant facts are undisputed. The parties dissolved their marriage pursuant to a marital termination agreement drafted by attorney Stephanie Anne Onorato ("Onorato"), who purported to represent both parties. (See Appellant's Br. 5, 7; Appellee's Br. App. at 2.) According to Appellant, Onorato was disbarred on December 15, 2006. (Appellant's Br. 5, 7.) As part of the dissolution, Appellant gained "all right, title and interest, free and clear of any claim by [Appellee] to [a] 2003 Mitsubishi Gallant" and "assume[d] sole responsibility for car loan payments" in the amount of $17,742 to City-County Federal Credit Union (the "Debt"). (See Appellee's Resp. App. [Doc. No. 9-1] ¶¶ 14–15; cf. Appellant's Br. 5.)

In spring 2007, Appellant stopped making payments on the Debt. (Appellant's Br. 5, 9.) Thereafter, according to Appellant, she and Appellee entered into a verbal agreement in which Appellant would care for the couple's minor children in exchange for Appellee's promise to make monthly Debt payments. (Id.) Appellee

---

[2] The Clerk of Court of the bankruptcy court provided relevant documents to this court. (See Doc. Nos. 1-1 through 1-10.)

2

did not make the payments, and the parties agreed to surrender the car to the credit union in fall 2007. (Id.) On March 14, 2008, the credit union sued Appellee in state court to recover the Debt. (See id. at 5, 8-9.) Appellee did not answer the complaint, and the state court entered default judgment against him on May 28, 2008. (Id.)

In February 2009, Appellee sued Appellant in state court, claiming that Appellant was liable for the Debt. (Id.) On March 30, 2009, the state court entered judgment against Appellant. (See Appellee's Br. 7); see also McCarthy v. McCarthy, 66-CV-09-1091, (Minn. Dist. Ct. Mar. 30, 2009). On May 8, 2009, Appellant filed for Chapter 7 bankruptcy protection. (Appellant's Br. 5.) Appellee then sued Appellant under 11 U.S.C. § 523(a)(15) in the United States Bankruptcy Court for the District of Minnesota, claiming that the Debt was exempt from discharge. (See id.)

The bankruptcy court rendered a decision on the record on January 13, 2010, and granted summary judgment in Appellee's favor on January 14, 2010. (See Order for J. [Doc. No. 1-3] 1.) Specifically, the bankruptcy court determined that "[t]he Defendant's debt to the Plaintiff, as fixed and liquidated by a judgment entered on March 30, 2009, in the Minnesota State District Court ... was excepted from discharge ... by operation of 11 U.S.C. § 523(a)(15)." (Id.) On February 5, 2010, the bankruptcy court denied Appellant's motion for reconsideration because she presented

3

no new evidence.  (See Order [Doc. No. 1-6] 1-2.)  Appellant timely filed the instant appeal.

**DISCUSSION**

This court has jurisdiction under 28 U.S.C. § 158(a).  When a bankruptcy court's judgment is appealed to a district court, that court "'acts as an appellate court and reviews the bankruptcy court's legal determinations de novo and findings of fact for clear error.'"  In re Falcon Prods., Inc., 497 F.3d 838, 840-41 (8th Cir. 2007) (quoting In re Fairfield Pagosa, Inc., 97 F.3d 247, 252 (8th Cir. 1996)).  Appellant did not designate a record on appeal or provide a transcript of the January 13, 2010, hearing during which the bankruptcy court made its findings and conclusions.[3]  Therefore, as an initial matter, the court determines that dismissal of the appeal is warranted.  See Fed. R. Bankr. P. 8001(a), 8006; see also Medley v. McClinton, 355 F. App'x 974, 974 (8th Cir. 2009) (per curiam).  In the interests of justice, however, the court addresses Appellant's challenges to the bankruptcy court's judgment.

---

[3] The court requested, and listened to, a digital recording of the January 13, 2010, hearing before the bankruptcy judge. The bankruptcy judge spent twenty minutes of the thirty-minute hearing carefully explaining to Appellant the basis of his decision.

4

## I. Summary Judgment

Appellant first argues that the bankruptcy court erred in granting summary judgment based on Appellee's untimely requests for admissions. (See Appellant's Br. 6.) There is no record, however, that the bankruptcy court granted summary judgment on this basis. Rather, the record shows that the bankruptcy court rendered its decision based on the state-court judgments. (See Order for J. [Doc. No. 1-3] 1.) Therefore, Appellant's argument fails.

Appellant next argues that the Debt was not exempt from discharge. The current version of 11 U.S.C. § 523(a) exempts from discharge any debt, "to a spouse, former spouse, or child of the debtor ... that is incurred by the debtor in the course of a divorce or separation or in connection with a separation agreement, divorce decree or other order of a court of record ...." 11 U.S.C. § 523(a)(15). Under the December 20, 2006, divorce decree, Appellant assumed sole responsibility for the Debt. (See Appellee's Resp. App. ¶¶ 14–15; cf. Appellant's Br. 5.)

Federal courts give full faith and credit to the judicial proceedings of state courts to the same extent as the courts of the state from which the judgment arose. See 28 U.S.C. § 1738; Simmons v. O'Brien, 77 F.3d 1093, 1096 (8th Cir. 1996). In Minnesota, a decree of dissolution of marriage is final upon entry, subject to a sixty-day right of appeal. See Minn. Stat. § 518.145, subdiv. 1; Minn. R. Civ. App. P. 104.01, subdiv. 1. In limited circumstances,

a party may also move to reopen a dissolution decree. See Minn. Stat. § 518.145, subdiv. 2; Shirk v. Shirk, 561 N.W.2d 519, 523 (Minn. 1997). A motion to reopen "does not affect the finality of a judgment and decree or order or suspend its operation." Minn. Stat. § 518.145, subdiv. 2.

Appellant argues that the December 20, 2006, marriage dissolution is void because the lawyer who drafted the decree purported to represent both Appellant and Appellee and was disbarred shortly before the court entered judgment. Appellant asserts that she "challenged (or is challenging) the validity" of the decree of dissolution in both state court and the bankruptcy court. (Appellant's Reply 6.) Accepting her statement as true, the December 20, 2006, decree is still a final judgment entitled to full faith and credit, because no state court has vacated or reopened the case. See Minn. Stat. § 518.145, subdiv. 2. Moreover, Appellant cannot challenge the state-court judgment in federal court. See Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284–85 (2005) (explaining that Rooker-Feldman doctrine prevents federal courts from reviewing, reversing or modifying state-court judgments based on state law). Therefore, the bankruptcy court correctly determined that the Debt was incurred as part of a divorce decree and exempt from discharge under 11 U.S.C. § 523(a)(15).

Appellant next argues that Appellee is estopped from seeking to exempt the Debt due to his failure to make payments after the parties' 2007 verbal agreement and his failure to defend the 2008 action against him by City-County Federal Credit Union. The state court, however, entered judgment against Appellant on March 30, 2009, and this court may not review or alter that judgment. See id. Accordingly, the court affirms the bankruptcy court's grant of summary judgment.

**II. Motion for Reconsideration**

Appellant also challenges the bankruptcy court's denial of her motion to reconsider. A party may move for reconsideration of a judgment under Rule 59 of the Federal Rules of Civil Procedure. See Fed. R. Bankr. P. 9023 (applying Rule 59 to bankruptcy cases).

A Rule 59(e) motion "serve[s] the limited function of correcting manifest errors of law or fact or to present newly discovered evidence." United States v. Metro. St. Louis Sewer Dist., 440 F.3d 930, 933 (8th Cir. 2006) (citation and quotation marks omitted). The court has already determined that the bankruptcy court committed no error of law or fact and properly entered summary judgment. Further, Appellant introduced no new material evidence in her motion to reconsider. Compare Response and Objection by Defendant Lindsay Maria McCarthy, In re McCarthy, Ch. 7 Case No. 09-33171, Adv. No. 09-3104 (Bankr. D. Minn. Jan. 11, 2010) with Defendant's Motion to Reconsider/Request for Rehearing/

Motion for a New Trial, <u>In re McCarthy</u>, Ch. 7 Case No. 09-33171, Adv. No. 09-3104 (Bankr. D. Minn. Jan. 21, 2010). Accordingly, the court affirms the bankruptcy court's denial of Appellant's motion to reconsider.

**CONCLUSION**

Based on the above, **IT IS HEREBY ORDERED** that the bankruptcy court's judgment and denial of reconsideration are affirmed. **LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: August 17, 2010

<u>s/David S. Doty</u>
David S. Doty, Judge
United States District Court